IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BAS TYSION EL & SUCCESS IS YOURS, | * | |
| Plaintiffs, | * | |
| v. | * | CIVIL NO. PWG-16-497 |
| WOODMONT PROPERTIES PARKLAND, PARKLAND SHOPPING CENTER, & CARTER SMITH, | * | |
| Defendants. | * | |

\*\*\*

**<u>MEMORANDUM</u>**

The above-captioned complaint alleging breach of contract was filed on February 22, 2016 by Bas Tysion El, a self-represented plaintiff[1] who resides in Largo, Maryland, purportedly on behalf of himself and his business, "Success is Yours." Compl., ECF No. 1. Plaintiff claims that he entered into a lease with Defendants to operate Success is Yours in the Parkland Shopping Center, located in District Heights, Maryland, and operated by Woodmont Properties, which appears to be a management company operating in Bethesda, Maryland.[2] Plaintiff is seeking damages totaling $175,000, alleging fraud under the lease as well as a failure to make repairs. *Id.* at 1–3.

The complaint is deficient in several respects. Under the rules of this Court, only individuals may represent themselves. *See* Loc. R. 101.1(a) (Md. 2014). Therefore, Mr. Tysion

---

[1] Mr. Tysion El's motion to proceed in forma pauperis (ECF No. 2) shall be granted.

[2] *See* www.woodmontproperty.com/property-parkland.php and www.woodmontproperty.com/property-bethesda.php.

El may not represent the entity known as "Success is Yours." Such an entity may only proceed with legal action in this Court through the representation of counsel. *See id.* This deficiency in and of itself is not fatal to the complaint.

The more significant deficiency in the complaint is jurisdictional. Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). They "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 1193 (2010). Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178 (1936)).

"A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Moreover, the "burden of establishing subject matter jurisdiction is on ... the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); accord *Hertz*, 130 S. Ct. at 1194; *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

The complaint presents no federal issue; rather, the cause of action is more closely akin to a breach of contract claim which, under some circumstances, may be litigated federal court under its diversity jurisdiction. *See* 28 U.S.C. §1332(a). This Court has original jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. *Id.* The statute "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every

defendant." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).

While the damages claimed by Mr. Tysion El are sufficient to satisfy the amount in controversy requirement, he and at least one of the defendants reside or operates in Maryland, which is where the leased property is located. *See* Civil Cover Sheet, ECF No. 1-1; Summons, ECF Nos. 1-2, 1-3, 1-4. Thus, this Court may not exercise diversity jurisdiction. Absent a basis for jurisdiction, the case must be dismissed without prejudice.[3]

A separate order follows.

_____
Paul W. Grimm
United States District Judge

---

[3] Plaintiff may pursue his claim in the appropriate state court. I make no finding as to the merit of the claim.